[Doc. No. 57]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRENDA JORDEN,<br><br>        Plaintiff,<br><br>   v.<br><br>STEVEN J. GLASS, MD, et al.,<br><br>        Defendants. | Civil No. 09-1715 (JHR/JS) |

**OPINION AND ORDER**

    This matter is before the Court on plaintiff's "Motion to Compel the Deposition of Donald Krachman, M.D." [Doc. No. 57].  No opposition to the motion has been filed. The Court has exercised its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 37.1(b)(3).  For the reasons to be discussed, plaintiff's motion is GRANTED.

Background

    Plaintiff filed her complaint on April 10, 2009, on behalf of decedent, Walter Jorden (hereinafter "decedent"). [Doc. No. 1]. Plaintiff alleges defendants negligently treated the decedent.  At the time of his death the decedent was participating in a Phase I Clinical Trial concerning the dosage and food effects of a new medicine for schizophrenia.  Plaintiff alleges defendants Dr. Glass and CRI Worldwide, LLC, conducted the drug study.

    Plaintiff's motion arises out of his request to take Dr.

Krachman's deposition.  On June 11, 2010, plaintiff served Dr. Krachman with a subpoena to be deposed on July 1, 2010 at defense counsel's office in Voorhees, New Jersey.[1]  Dr. Krachman is alleged to be an independent contractor with CRI who treated the decedent the day he died.  Dr. Krachman refused to appear for his deposition unless he was paid $500 per hour for his time.

Discussion

Pursuant to Fed. R. Civ. P. 45, a party may serve a subpoena requiring a witness to appear for his or her deposition.  As to witness fees, Rule 45(b)(1) requires that a witness be tendered the fees for one (1) day's attendance and the mileage allowed by law.  The applicable statute reads:

§1821.  Per diem and mileage generally; subsistence

---

[1] Plaintiff did not personally serve Dr. Krachman with his subpoena but instead served him on June 11, 2010 by Certified Mail, Return Receipt Requested.  Either Dr. Krachman or someone in his office acknowledged in writing the receipt of the subpoena.  Ordinarily personal service is required on a witness. See Vitale v. Repetti, Civ. No. 05-5685, 2007 WL 1752040, at *2 (D.N.J. June 18, 2007); Parker v. John Doe #1, Civ. No. 02-7215, 2002 WL 32107937, at *2 (E.D. Pa. Nov. 21, 2002).  However, the Court deems Dr. Krachman to be properly served because either he or someone authorized on his behalf signed an acknowledgment of receipt of plaintiff's subpoena. See New Jersey Building Laborers Statewide Ben. Funds and Trustees Thereof v. Torchio Brothers, Inc., Civ. No. 08-552, 2009 WL 368364, at *2 (D.N.J. Feb. 11, 2009)(finding certified mail delivery with signed proof of receipt meets the service requirement in Rule 45). Further, the exchange of e-mail correspondence between Dr. Krachman and the office of plaintiff's attorney (see Exhibit B to plaintiff's motion) evidences that Dr. Krachman received plaintiff's subpoena.  Dr. Krachman did not object to service of the subpoena.

> (a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
>
> ...
>
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance.  A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
>
> ...
>
> (c)(2)  A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle.  Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.
>
> (3) Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses.

28 U.S.C. §1821 (a)(1), (b), (c)(2) and (3).  Rule 45 contrasts with Fed. R. Civ. P. 26(b)(4)(C) which addresses depositions of trial experts.  Pursuant to this Rule a party is required to reimburse an expert's "reasonable fee" for his or her deposition.[2]

The Court has not found a reported case from this District

---

[2] What is a reasonable fee is not always free from doubt. See Crawford v. American Legion Ambulance Ass'n., C.A. No. 08-2338 (RBK/KW), 2009 WL 5218060 (D.N.J. Dec. 30, 2009).

3

addressing the issue of the amount of witness fees that should be paid to a non-testimonial treating physician.  However, the reported cases from around the country evidence a split of authority.  In <u>McDermott v. FedEx Ground Systems, Inc.</u>, 247 F.R.D. 58 (D. Mass. 2007), the Court summarized the two lines of cases.  The first line of cases:

> reads the plain language of Rule 26 and 28 U.S.C. §1821, holding that a treating physician who is not designated as an expert witness is no different than any other fact witness and, thus, entitled only to the compensation scheme set forth in 28 U.S.C. §1821.

<u>Id</u>. at 59.  These cases hold that a treating physician testifying about his personal consultation with a patient is not considered an expert witness and is only entitled to $40 per day plus mileage.  <u>See</u>, <u>e.g.</u>, <u>Mangla v. University of Rochester</u>, 168 F.R.D. 137, 139 (W.D.N.Y 1996)("[s]ince Dr. Privitera is not being deposed as an expert retained for trial, he is entitled to $40 per day plus mileage and not his hourly rate").  <u>See also</u> <u>Demar v. United States</u>, 199 F.R.D. 617 (N.D. Ill. 2001); <u>Baker v. Taco Bell Corp.</u>,163 F.R.D. 348 (D. Colo. 1995).  The second line of cases:

> finds the societal role of physicians of paramount concern, opining that requiring physicians to curtail their usually lucrative practice, for the purpose of pending testimony at the laughable statutory rate, flies in the face of sound public policy.

<u>McDermott</u>, 247 F.R.D. at 59.  These cases hold that expert fees must be paid.  <u>Grant v. Otis Elevator Company</u>, 199 F.R.D. 673, 676

4

(N.D. Okla. 2001)("the Court concludes that treating physicians who testify under Fed. R. Evid. 702 as to their diagnoses, treatment and prognoses are experts within the meaning of 26(b)(4)(C) and are entitled to a reasonable fee"); Coleman v. Dydula, 190 F.R.D. 320, 323 (W.D.N.Y. 1999)(citing Haslett v. Texas Industries, Inc., No. 397-CV-2901D, 1999 WL 354227, at *2 (N.D. Tex. May 20, 1999)("[p]hysicians provide invaluable services to the public and should be remunerated for their time when they cannot deliver medical care").

In the absence of controlling precedent in this District, the Court adopts the holding from the first line of cases. The Court rules that when a treating physician is deposed in his or her capacity as a fact witness they are only entitled to the statutory fee in 18 U.S.C. §1821. Stated another way, a treating physician who testifies as a fact witness is not required to be paid his or her customary expert fee. The Court's decision is based on the plain language of §1821 which does not create a special exception for treating physicians. The Court will not create an exception to §1821 that is not present in the text of the statute. As noted in Delmar, 199 F.R.D. at 620, "[i]f Congress wishes to single out certain professions for higher compensation, that is certainly its prerogative, but this Court declines to enter that arena, which is, essentially, a slippery slope."

The Court has little doubt that like virtually all

5

disinterested third-party witnesses, Dr. Krachman is likely to be inconvenienced by his deposition. However, as noted in <u>Mangla</u>, "[h]e will ... suffer no more inconvenience than many other citizens called forward to be deposed or testify as a trial witness in a matter in which they have first hand factual knowledge." 168 F.R.D. at 140. The court also agrees with <u>McDermott</u> that there is no "logical explanation as to why [a special] ... rule applies to physicians and no other class of professional or otherwise with 'specialized knowledge' about the testimony to be provided." 247 F.R.D. at 61. <u>See also</u> <u>Demar</u>, 199 F.R.D. at 619 (emphasis in original) ("[w]hile physicians certainly have significant overhead costs and a special expertise, so do a myriad of other professions.... This Court declines to set precedent in this jurisdiction that, essentially, singles out physicians for special treatment. Rather, the more prudent course of action is to follow the unambiguous tenets of FRCP 26(b)(4)(C) and §1821 which provide that expert witnesses - <u>independent of their profession</u> - obtain compensation at a 'reasonable fee', while fact witnesses - <u>independent of their profession</u> - receive compensation at the statutory fee of $40").

With regard to plaintiff's subpoena, Dr. Krachman is only being deposed in his capacity as a fact witness. Whether Dr. Krachman is a fact or expert witness is addressed in the Court's Scheduling Order which states:

6

> For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition, shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

See May 17, 2010 Order, Doc. No. 53. See also Allen v. Parkland School District, 230 Fed. Appx. 189, 194-95 (3d Cir. 2007)(a treating physician is a fact witness to the extent he or she testifies concerning the facts gained in the treatment of the patient. A causation opinion that concerns facts beyond the personal knowledge of the witness is expert testimony). No party has designated Dr. Krachman as a trial expert. In addition, plaintiff represents that she is only seeking to depose Dr. Krachman in his capacity as a fact witness. Therefore, plaintiff is only required to pay Dr. Krachman his statutory appearance and mileage fees. Plaintiff is not required to pay Dr. Krachman his hourly rate for expert deposition testimony. See Sergeant Hurley v. Atlantic City Police Dept., C.A. Nos. 93-260(JEI), 94-1122(JEI), 1996 WL 549298, at *6 (D.N.J. Sept. 17, 1996) ("[a] witness called for a deposition ... shall be paid an attendance fee of $40 per day for each day's attendance. 28. U.S.C. §1821(b). The fee is paid for the time spent at the deposition and traveling to and from the deposition"). If plaintiff addresses with Dr. Krachman his opinion regarding the cause of the decedent's death, then Dr. Krachman will

be testifying as an expert witness and he is entitled to his fee pursuant to Rule 26(b)(4)(C).

The Court is not unmindful of the potential inconvenience that Dr. Krachman may experience when he appears for his fact deposition. However, Fed. R. Civ. P. 45(c)1) protects Dr. Krachman's interests so that he is not subject to an unreasonable burden. Pursuant to this Rule a party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Thus, plaintiff should be mindful of Dr. Krachman's schedule and appointments. In this vein, plaintiff represents that in order to minimize the inconvenience to Dr. Krachman, "[c]ounsel is willing to conduct his deposition at his office after his patient hours or during his non-patient hours." See Plaintiff's Motion at ¶10.[3] The Court assumes plaintiff will abide by his representation.[4]

---

[3] In addition to being protected from an undue burden by Rule 45(c)(1), Dr. Krachman may also file a motion for protective order pursuant to Rule 26(c). ("[A]ny person from whom discovery is sought may move for a protective order in the court where the action is pending.... The court may, for good cause, issue an order to protect a ... person from annoyance, embarrassment, oppression, or undue burden or expense..."). Dr. Krachman has chosen not to move for a protective order.

[4] Plaintiff has agreed to pay Dr. Krachman $300 per hour for a two hour deposition. The Court's ruling does not bar plaintiff from paying this amount. In order to minimize the burden and inconvenience to Dr. Krachman, plaintiff may voluntarily agree to pay him an amount in excess of the statutory fee.

**ORDER**

Accordingly, for all the foregoing reasons,

IT IS HEREBY ORDERED this 23rd day of July, 2010, that plaintiff's Motion to Compel the Deposition of Donald Krachman, M.D. is GRANTED; and

IT IS FURTHER ORDERED that by August 31, 2010, Dr. Krachman shall appear for his deposition in response to plaintiff's subpoena at a mutually agreed upon place and on a mutually agreed upon date and time; and

IT IS FURTHER ORDERED that in his capacity as a fact witness Dr. Krachman shall only be entitled to be compensated for the statutory witness and mileage fees set forth in 28 U.S.C. §1821; and

IT IS FURTHER ORDERED that if plaintiff seeks to depose Dr. Krachman in his capacity as an expert witness, plaintiff shall reimburse Dr. Krachman for his reasonable fee pursuant to Fed. R. Civ. P. 26(b)(4)(C); and

IT IS FURTHER ORDERED that plaintiff shall serve Dr. Krachman with a copy of this Order via regular United States mail, and Certified or Registered Mail, Return Receipt Requested.

                                                s/Joel Schneider
                                                JOEL SCHNEIDER
                                                United States Magistrate Judge